## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Joseph Thompson,                                          Civil No. 16-943 (DWF/TNL)

        Plaintiff,

v.

Dezarae L. Buroker, et al.,

        Defendants.

_____                              **ORDER**

Joseph Thompson,                                          Civil No. 16-944 (DWF/TNL)

        Plaintiff,

v.

Julie Rose, et al.,

        Defendants.


This matter is before the Court upon Plaintiff Joseph Thompson's ("Plaintiff")

self-styled appeals[1] (Civil No. 16-943 (DWF/TNL), Doc. Nos. 29, 30; Civil No. 16-944

(DWF/TNL), Doc. Nos. 26, 27) of Magistrate Judge Tony N. Leung's October 5, 2016

Order (Civil No. 16-943 (DWF/TNL), Doc. No. 26; Civil No. 16-944 (DWF/TNL), Doc.

No. 22-944) insofar as the Court denied Plaintiff's Motions for Appointment of Counsel.

---

[1]     Although Plaintiff has framed his objections as "Objection to the Report and Recommendation," there is no relevant Report and Recommendation before the Court. Plaintiff's motions are properly considered Appeals of a Magistrate Judge Order reviewable under Fed. R. Civ. P. 72(a).

Motion Defendants take no position on Plaintiff's appeal.  (*See* Civil No. 16-943

(DWF/TNL), Doc. No. 32; Civil No. 16-944 (DWF/TNL), Doc. No. 32.)

The Court must modify or set aside any portion of the Magistrate Judge's order

found to be clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R.

Civ. P. 72(a); Local Rule 72.2(a).  This is an "extremely deferential standard." *Reko v.*

*Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  "A finding is

'clearly erroneous' when although there is evidence to support it, the reviewing court on

the entire evidence is left with the definite and firm conviction that a mistake has been

committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996)

(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

After careful review, the Court concludes that the Magistrate Judge's decision is

neither clearly erroneous nor contrary to law.  In evaluating a request for appointment of

counsel, "[t]he court has a good deal of discretion to determine whether representation is

warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641

F.3d 898, 909 (8th Cir. 2011).  Relevant criteria include "the factual and legal complexity

of the underlying issues, the existence of conflicting testimony, and the ability of the

indigent plaintiff to investigate the facts and present his claims." *Ward v. Smith*, 721 F.3d

940, 942 (8th Cir. 2013).

The Magistrate Judge properly exercised his discretion in weighing the relevant

criteria with respect to Plaintiff's Motions for Appointment of Counsel.  Notably, the

Magistrate Judge denied Plaintiff's motions without prejudice and suggested that Plaintiff

could renew his request if the matters proceed to trial.  Although the Court acknowledges Plaintiff's apparent frustrations with the legal resources available to committed individuals at the Minnesota Sex Offender Program and with Class Counsel in the *Karsjens* litigation, *Karsjens, et al. v. Piper, et al.*, Civil No. 11-3659 (DWF/TNL), the Magistrate Judge did not clearly err in declining to appoint counsel in these cases. Therefore, the Court denies Plaintiff's appeals and affirms Magistrate Judge Leung's October 5, 2016 Order in all respects.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Plaintiff Joseph Thompson's appeals (Civil No. 16-943 (DWF/TNL), Doc. Nos. [29], [30]; Civil No. 16-944 (DWF/TNL), Doc. Nos. [26], [27]) of Magistrate Judge Tony N. Leung's October 5, 2016 Order are **OVERRULED**.

2.      Magistrate Judge Tony N. Leung's October 5, 2016 Order (Civil No. 16-943 (DWF/TNL), Doc. No. [26]; Civil No. 16-944 (DWF/TNL, Doc. No. [22]) is **AFFIRMED.**

Dated:  December 1, 2016          s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge