# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Joseph Thompson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Dezarae L. Buroker, et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-943 (DWF/TNL)<br><br><br><br>**REPORTS AND<br>RECOMMENDATIONS** |
| & | |
| Joseph Thompson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Julie Rose, et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-944 (DWF/TNL) |

Joseph Thompson, 1111 Highway 73, Moose Lake, MN 55767 (pro se Plaintiff); and

Brett Terry, Assistant Attorney General, Office of the Minnesota Attorney General, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101 (for Defendants in both matters).

　　　　This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendants' Motions to Dismiss (ECF Nos. 18 & 36, No. 16-cv-943, ECF Nos. 13 & 40, No. 16-cv-944) and Plaintiff Joseph Thompson's Motion for No Contact and Cease and Desist. (ECF No. 21, No. 16-cv-944). These motions have been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Donovan W. Frank,

United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that Defendants' motions be **GRANTED IN PART** and **DENIED IN PART,** that Thompson's motion be **DENIED AS MOOT**, and that the remaining counts of the operative complaints be **DISMISSED** for failure to comply with Federal Rule of Civil Procedure 8 unless Thompson files an amended complaint with respect to such remaining counts of the operative complaints within 30 days of the date on which the District Judge rules on these Reports and Recommendations.

## I. BACKGROUND

Thompson is civilly committed to the Minnesota Sex Offender Program ("MSOP"). On April 11, 2016, he filed two lawsuits. The first lawsuit, 16-cv-943 (DWF/TNL) contains 11 counts and names 49 employees of the Minnesota Department of Human Services as defendants. It relates to incidents that occurred in February 2016. The second lawsuit, 16-cv-944 (DWF/TNL) contains nine counts and names 20 employees of the Minnesota Department of Human Services as defendants. Thompson filed an amended complaint in this matter on August 9, 2016. The second lawsuit relates to incidents that occurred between October 2014 and August 2016. In each lawsuit, Thompson brings claims under 42 U.S.C. § 1983 and Minnesota common law. He seeks monetary, injunctive, and declaratory relief in each action.

Defendants moved to dismiss both lawsuits. (ECF Nos. 18 & 36, No. 16-cv-943, ECF Nos. 13 & 40, No. 16-cv-944). Thompson moved for a no-contact and cease and desist

2

order in case number 16-cv-944. (ECF No. 21, No. 16-cv-944). Before the Court could issue a report and recommendation on any motion, the matters were stayed pending litigation in *Karsjens et al. v. Piper et al.*, Case No. 11-cv-3659 (DWF/TNL). (ECF No. 46, No. 16-cv-943, ECF No. 53, No. 16-cv-944). The Court took each motion under advisement for report and recommendation after the stays were lifted on October 22, 2018.

## II. THOMPSON'S MOTION FOR NO CONTACT AND CEASE AND DESIST

Shortly after he filed his amended complaint in No. 16-cv-944, Thompson filed a "Motion for No Contact and Cease and Desist." In that motion, Thompson asked the Court order MSOP staff not to speak with him about a crime that he allegedly committed at MSOP.[1] Thompson contends that MSOP staff are attempting to harass him into making incriminating statements, in violation of his Fifth Amendment right to be free from self-incrimination.

The Court construes Thompson's motion to be one for a preliminary injunction.[2] "Preliminary injunctions are intended to prevent irreparable harm and preserve the status quo during the pendency of litigation." *Katch, LLC v. Sweetser*, 143 F. Supp. 3d 854, 864 (D. Minn. 2015) (citing *Kansas City S. Transp. Co. v. Teamsters Local Union #41*, 126 F.3d 1059, 1066 (8th Cir. 1997). In deciding whether a preliminary injunction is warranted,

---

[1] Thompson also indicates in his motion that certain MSOP staff have also violated his right to be free from harassment and punishment. He does not identify how MSOP staff violated his right to be free from punishment. He also, regarding his harassment claim, contends only that alleged harassment violates his Fifth Amendment right to be free from self-incrimination. Thompson also concludes his motion by stating "[a]ll these actions done by MSOP staff . . . are in direct violation of my Fifth Amendment and circumventing the court process." Thus, the Court construes Thompson's motion as to only relate to an alleged violation of his Fifth Amendment rights.

[2] The Court will include a report and recommendation to the District Judge on Thompson's motion for preliminary injunction along with the reports and recommendations regarding the motions to dismiss. *See* Minn. LR. 7.1(c)(6), (d)(1) (stating that motions for preliminary injunction or for injunctive relief are considered dispositive and should be decided by the District Judge).

3

courts consider: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

The United States Constitution, however, limits the jurisdiction of the federal courts to ongoing cases and controversies. *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000); *see* U.S. CONST. art. III, § 2. The case-or-controversy requirement exists at all stages of federal judicial proceedings. *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003). A claim must be live at the time the Court decides the issue. *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990); *see also Haden*, 212 F.3d at 469 ("When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot.") (alteration in original) (citation omitted). If an action no longer satisfies the case-or-controversy requirement, it is considered moot and must be dismissed. *Potter*, 329 F.3d at 611.

Here, neither Thompson nor Defendants identify the criminal case that is the subject of Thompson's motion. But this Court can take judicial notice of public records in state and federal criminal proceedings for purposes of deciding this motion. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (permitting court to take judicial notice of public records). Minnesota state court records indicate that the Carlton County Attorney's Office charged Joseph Jose Thompson, a person civilly committed to MSOP, with one count of first-degree criminal damage to property for acts occurring on October 13, 2014. *See State*

*v. Thompson*, Register of Actions, No. 09-cr-15-40; *State v. Thompson*, A17-1501, ¶ 1, (Minn. App. Feb. 26, 2018). Thompson, in his complaint, alleges that MSOP staff placed him on "Administrative Restrictions" on October 14, 2014, after he "acted out." Compl. ¶¶ 29-30 (ECF No. 9, No. 16-cv-944). He further alleges in his complaint that he faces criminal charges in Carlton County District Court. *Id.* at ¶ 31. The Court conducted a search of state and federal criminal records and has not located any other criminal charges filed against a Joseph Thompson who was confined at MSOP. Thus, the Court will presume that the criminal charge filed in Minnesota state court docket number 09-cr-15-40 is the subject of Thompson's motion.

Assuming this to be the case, the register of actions in that matter indicates that Thompson pleaded guilty to, and was sentenced for, criminal damage to property on March 8, 2017. Thompson appealed the amount of restitution that the state trial court ordered him to pay. The Minnesota Court of Appeals affirmed and entered judgment. *State v. Thompson*, A17-1501, (Minn. App. Feb. 26, 2018). Thompson did not file a petition for review with the Minnesota Supreme Court. His conviction is therefore final.

Because Thompson's conviction is final, he no longer has a Fifth Amendment privilege against self-incrimination relating to that case. *Mitchell v. United States*, 526 U.S. 314, 326 (1999). Thus, the Court can no longer grant Thompson effective relief on his motion because MSOP staff cannot, as Thompson alleges, infringe upon his Fifth Amendment rights by speaking to him about the October 2014 offense. Thompson's motion is therefore moot.

There are several exceptions to the mootness doctrine. The Court may decide a moot case if secondary or collateral injuries survive after resolution of the primary injury. *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002). The Court may consider a moot case where "the challenged conduct is capable of repetition, yet evading review." *Minn. Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999). The Court may also decide a moot case when the defendant has chosen to cease the alleged illegal practice but is free to resume it any time. *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). Finally, the Court may consider a moot case if it is a properly certified class action. *Sosna v. Iowa*, 419 U.S. 393, 399 (1975). None of these exceptions apply here.

First, the collateral-injuries exception does not apply because Thompson does not demonstrate anywhere in his motion that he will suffer an additional injury if MSOP staff speak with him about his offense. Second, the capable-of-repetition exception, which applies when there is "a reasonable expectation that the same complaining party will be subject to the same action again" does not apply because there is nothing more to litigate in Thompson's criminal case; nor is there a reasonable expectation that Thompson will face criminal charges again for purposes of this analysis. *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (alterations omitted). Third, the voluntary-cessation exception does not apply as this is not a case where MSOP staff "voluntarily ceased allegedly unlawful conduct but is free to restart such conduct at whim." *Kargbo v. Brott*, No. 15-cv-2713, 2016 WL 3676162 *2 (D. Minn. July 6, 2016) (citing *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 727 (2013)). If MSOP staff speak to Thompson again about a pending criminal matter, it will only be if Thompson faces new criminal charges, which would present a new set of circumstances

6

and facts for the Court to consider. Finally, the class-action exception does not apply because this case involves Thompson's individual request for relief on his own behalf. Because none of the above-mentioned exceptions to mootness apply, the Court recommends that Thompson's motion be denied as moot.

### III.  MOTIONS TO DISMISS THOMPSON'S CLAIMS

#### A. Legal Standard

When considering a Rule 12(b)(1) motion, courts "distinguish between a 'facial attack' and a 'factual attack' on jurisdiction." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (quotation omitted). "In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (citation and internal quotations omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.*

In deciding a Rule 12(b)(6) motion, a court accepts as true all well-pleaded factual allegations and then determines "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In doing so, the court must draw reasonable inferences in the plaintiff's favor. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sletten & Brettin Orthodontics v. Cont'l Cas. Co.*, 782 F.3d 931, 934 (8th Cir. 2015) (citation and internal quotations omitted). Facial plausibility of a claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp v. Twombly*, 550 U.S., 544, 555). Although a sufficient complaint need not be detailed, it must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). Complaints are insufficient if they contain "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In assessing a complaint by a *pro se* plaintiff, the court applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (quotation and citation omitted). "If the essence of an allegation is discernible," then the court, in applying a liberal construction to *pro se* complaints, "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Despite the liberal construal of such complaints, the *pro se* plaintiff "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d at 914). Thus, *pro se* litigants "must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Id.* (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

### B. The Eleventh Amendment Bars Some of Thompson's Claims.

The Eleventh Amendment to the U.S. Constitution prohibits "[t]he Judicial power of the United States" from being construed to extend "to any suit in law or equity, commenced or prosecuted against one of the United States." U.S. Const. amend. XI. The

Eleventh Amendment recognizes that "each State is a sovereign entity in our federal system" and that no State is subject to suit in federal court unless the State consents to jurisdiction there. *Seminole Tribe of Fl. v. Florida*, 517 U.S. 44, 54 (1996) (citation and quotation omitted). Eleventh Amendment immunity extends to instances where judgment against a state agency or official would have "essentially the same practical consequences as a judgment against the State itself." *Hadley v. North Arkansas Community Technical College,* 76 F.3d 1437, 1438 (8th Cir. 1996).

The Eleventh Amendment bars many lawsuits filed in federal court that are related to the conduct of state agencies and state officials. In general, a plaintiff may not bring a claim in federal court for any form of relief against a state agency. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *see*, *e.g., P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993) (barring suits for injunctive relief against states and their agencies). A plaintiff may not bring an action against a state official in his or her official capacity for monetary damages. *P.R. Aqueduct*, 506 U.S. at 146; *see also Brown v. Montoya*, 662 F.3d 1152, 1161 n. 5 (10th Cir. 2011) (holding that "Section 1983 plaintiffs may sue individual-capacity defendants only for money damages"). A plaintiff may also not bring an action against a state official in his or her individual capacity for injunctive relief. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 n. 11 (1984); *see also Yul Chu v. Mississippi State University*, 901 F. Supp. 2d 761, 771 (N.D. Miss. 2012) (concluding that Eleventh Amendment bars injunctive relief against individual defendants in their personal capacity); *Brown*, 662 F.3d at 1161 n. 5 (holding Section 1983 plaintiffs may sue official-capacity defendants only for injunctive relief) (citing *Hafer v. Melo*, 502

U.S. 21, 30 (1991)). Finally, the Eleventh Amendment bars all "suits based on pendent state-law claims" against states and state officials, even if the plaintiff only seeks limited "prospective injunctive relief." *Minn. Pharmacists Ass'n v. Pawlenty*, 690 F. Supp. 2d 809, 815 (D. Minn. 2010).

Eleventh Amendment immunity, however, is not absolute. The United States Supreme Court has "long recognized an exception to Eleventh Amendment immunity permitting suits in federal court against state officials alleged to have violated federal law." *Id.* As a result, a plaintiff may bring a claim for injunctive relief against a state official in his or her official capacity. *Serna v. Goodno*, 567 F.3d 944, 952 (8th Cir. 2009). A plaintiff may also bring a claim for monetary damages against a state official in his or her individual capacity. *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

The caption in each of Thompson's complaints indicates that he sues each Defendant in both his or her individual and official capacities. The prayer for relief in each of Thompson's complaints indicates that he is seeking both injunctive relief and monetary damages. The Eleventh Amendment therefore bars the following claims: (1) Thompson's Section 1983 claims for injunctive relief against Defendants in their individual capacities; (2) Thompson's Section 1983 claims for monetary relief against the individual Defendants in their official capacities; and (3) Thompson's state law claims for injunctive relief against Defendants in their individual and official capacities. The Court recommends that these claims be dismissed with prejudiced.

### C. Section 1983 Does Not Extend to Rights Guaranteed by the Minnesota Constitution.

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. The "purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

In several of his Section 1983 claims Thompson claims that Defendants violated rights guaranteed by the Minnesota Constitution. In his first lawsuit, No. 16-cv-943, he brings claims under the Minnesota Constitution's counterparts to the First Amendment (count six), Fourth Amendment (count seven), and the Fourteenth Amendment (counts eight, nine, and ten). In his second lawsuit, No. 16-cv-944, Thompson brings claims under the Minnesota Constitution's counterparts to the First Amendment (count six), the Fourth Amendment (count seven), and the Fourteenth Amendment (counts eight and nine). Section 1983 does not provide a cause of action for violations of the Minnesota Constitution. *See generally* 42 U.S.C. § 1983. Because these claims fail as a matter of law, the Court recommends that they be dismissed with prejudice.

### D. Thompson's Remaining Claims Must be Dismissed for Failure to Comply with Rule 8.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The words

11

'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear." *Gurman v. Metro Housing and Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). In other words, the complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Adams v. American Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cr. 2016).

Thompson's complaints do not comply with Rule 8. Though neither pleading is overly long, Thompson makes no effort to identify what factual allegations support which of his causes of action, nor does he attempt to identify what causes of action he raises against which Defendants. By way of example, two counts of Thompson's complaint in No. 16-cv-943 are set forth below:

> **COUNT THREE: DENIAL OF DUE PROCESS [RIGHTS] UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.**
>
> **117. The above-described conduct by all Defendants was extreme and outrageous, was done either intentionally or recklessly, and caused Plaintiff extreme emotional distress, which no reasonable person could be expected to endure. The defendants subjected Plaintiff to a zone of danger of physical impact, causing Plaintiff to reasonably fear for his own safety and to suffer severe emotional distress.**
>
> **118. Plaintiff requests that the court award compensatory and punitive damages against all Defendants in their individual capacities.**
>
> **COUNT FIVE: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
>
> **117. The actions of defendants as alleged in paragraph[s] 1-110 of the complaint show[] plaintiff was subjected to a zone of danger of physical impact, causing plaintiff to reasonably fear for his own safety and to suffer severe emotional distress with attendant physical manifestations.**

> **118. Plaintiff requests that the court award compensatory damages against all Defendants in their individual capacities.**

The counts in Thompson's complaint in No. 16-cv-944 are problematic for the same reasons:

> **COUNT THREE: Denial of due process rights under the Fourteenth Amendment of the United States Constitution.**
>
> **80. The above-described conduct by all Defendants was extreme and outrageous, was done either intentionally or recklessly, and caused Plaintiff extreme emotional distress, which no reasonable person could be expected to endure.**
>
> **81. Plaintiff requests that the court award compensatory and punitive damages against all Defendants in their individual capacities.**
>
> **COUNT FIVE: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
>
> **84. The actions of defendants as alleged in paragraph[s] 1-73 of the complaint show[] plaintiff was subjected to a zone of danger of physical impact, causing plaintiff to reasonably fear for his own safety and to suffer severe emotional distress with attendant physical manifestations.**
>
> **85. Plaintiff requests that the Court award compensatory damages against all Defendants in their individual capacities.**

The Court is mindful that Thompson, as a pro se litigant, is held to less stringent pleading standards than an attorney and does not intend to dismiss the time or effort that it took for Thompson to craft either complaint. But as written, Thompson "does nothing more than identify . . . a number of defendants, a series of counts, and allegations of violations of every known constitutional provisions and common law cause of action." *Liggins v. Morris*, 749 F. Supp. 967, 971 (D. Minn. 1990). "Shotgun" pleadings like these have a number of consequences. *See Gurman*, 842 F. Supp. 2d at 1153. They unfairly burden courts and defendants, who have to determine what claims are genuine and what are

meritless; they harm other parties by wasting judicial resources; and they impair "the very plaintiffs who bring [those complaints]" by undermining any viable legal claim they may have. *Id.* at 1153-54. In short, these types of pleadings make it difficult, if not impossible, for the Court to provide the meaningful consideration that they deserve.

More importantly, were the Court to analyze Thompson's pleadings properly, particularly in light of Defendants' motions to dismiss, the Court would need to review each of Thompson's complaints and determine what factual allegations supported each of his causes of action and then identify what Defendants he intended to sue in each of those causes of action. *See Liggins*, 749 F. Supp. at 971 (stating that shotgun pleadings leave to the Court "to divine what discrete constitutional violations are in fact legitimate and proper . . . against each defendant," and then "ferret out and dismiss those alleged constitutional violations that patently cannot be maintained"). This not only "disrupts the orderly processing of legitimate claims," it forces the Court to assume the role of advocate for Thompson by crafting a complaint for him with viable causes of action. The Court cannot take on this role. *See Gurman*, 842 F. Supp. 2d at 1153 (explaining that it is the plaintiff's burden to "plead . . . claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them); *Machen v. Iverson*, No. 11-cv-1557, 2012 WL 566977 *15 (D. Minn, Jan. 23, 2012) (noting that, even with the deference granted to pro se parties, a court may not adopt the role of advocate for the pro se litigant), *report and recommendation adopted by* 2012 WL 567128 (D. Minn. Feb. 21, 2012). Accordingly, the Court finds that, as filed, Thompson's complaints do not comply with Rule 8.

### E. Thompson may file his remaining claims in an amended complaint.

Normally, the Court would recommend that a complaint be dismissed for non-compliance with Rule 8. *See Gurman*, 842 F. Supp. 2d at 1154. But in this case, given Thompson's status as a pro se litigant, the Court believes the more appropriate course of action is to provide Thompson 30 days from the date that the district court rules on these Reports and Recommendations to file an amended complaint regarding his remaining claims. The Court also recommends that the matter be dismissed for failure to prosecute if Thompson fails to file an amended complaint within that timeframe. *See* Fed. R. Civ. P. 41(b). Thompson should note, however, that if he files an amended complaint in either case, he must satisfy certain standards.

First, the amended complaints must be new pleadings. They cannot be supplements to the original complaints. Second, the amended complaints must identify clearly each individual defendant that Thompson intends to sue, describe what each defendant did that was unlawful, and explain how that defendant's action or inaction violated Thompson's rights. Finally, Thompson must identify in each count of the amended complaint the specific defendants against whom he intends to bring that cause of action, the specific factual allegations that support that cause of action, and what relief he seeks through that cause of action. Blanket references to "Defendants" or to every factual allegation in the complaint are insufficient unless genuinely true. Should Thompson fail to comply with these directions, the Court would recommend that this action be dismissed, and would consider whether the dismissal should be with prejudice.

In addition, having reviewed the operative complaints in both cases, it appears that these matters overlap significantly. Both cases relate to the conditions of Thompson's commitment at MSOP and discipline that MSOP officials imposed for Thompson's alleged non-compliance with certain rules. Both complaints relate to the same time period. And both complaints share several of the same defendants. Given the significant overlap here, Thompson, may wish to combine these cases into a single lawsuit by incorporating the factual allegations from both complaints into one pleading and informing the Court that he wishes to dismiss the other pleading.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motions to Dismiss (ECF Nos. 18 & 36, No. 16-cv-943, ECF Nos. 13 & 40, No. 16-cv-944) be **GRANTED IN PART and DENIED IN PART** as follows:

    a. The motions be granted to the extent that Thompson seeks injunctive relief against any Defendant in their individual capacity or monetary relief against any Defendant in their official capacity and those claims be **DISMISSED WITH PREJUDICE**;

    b. Counts 6, 7, 8, 9 and 10 of Thompson's complaint in 16-cv-943 (ECF No. 1) and Counts 6, 7, 8, and 9 of Thompson's amended complaint in 16-cv-944 (ECF No. 9), insofar as they state a claim for violation of the Minnesota Constitution, be **DISMISSED WITH PREJUDICE**;

    c. The motions be **DENIED WITHOUT PREJUDICE** as to the remaining claims; and

    d. The remaining claims in the operative complaints (ECF No. 1, 16-cv-943 & ECF No. 9, 16-cv-944) be dismissed without prejudice 30 days from the date of the District Judge's ruling on this Report and Recommendation for failure

to comply with Rule 8. Thompson must file an amended complaint by that day if he wishes to continue litigating his claims.

2. Thompson's Motion for No Contact and Cease and Desist (ECF No. 21, No. 16-cv-944) be **DENIED AS MOOT.**

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: January 16, 2019                    <u>     s/ Tony N. Leung          </u>
                                          Tony N. Leung
                                          United States Magistrate Judge
                                          District of Minnesota

                                          *Thompson v. Buroker et al.*
                                          Case No. 16-cv-943 (DWF/TNL)

                                          *Thompson v. Rose et al.*
                                          Case No. 16-cv-944 (DWF/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).